IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRYL HEATH JONES, #353347      *
           Plaintiff,
     v.      *    CIVIL ACTION NO. RWT-09-2430

ROBERT BRUCHY, et al.      *
           Defendants.

## MEMORANDUM OPINION

On September 15, 2009, the court received for filing Darryl Heath Jones's ("Jones") civil rights complaint for declaratory and injunctive relief and request for an aggregate $11,500,000.00 in damages, against Hagerstown, Maryland executive, prosecutorial, law enforcement, and legal officers. The allegations go to Jones's arrest, prosecution, and conviction on drug charges.

Jones claims that criminal charges were filed against him even after audio and video records made by a confidential narcotics informant showed he was not involved in drugs. He accuses police officers of participating in a conspiracy to violate his constitutional rights under federal and state law. Jones further accuses the local prosecutor of malicious prosecution and of his trial counsel of violating his Sixth Amendment rights and Md. Rule 4-242.[1]

To the extent that Jones is seeking declaratory or compensatory relief for unconstitutional imprisonment, his action against Defendants may not proceed. A civil rights damage claim for unconstitutional imprisonment is not appropriate unless and until Jones's convictions or sentences have been reversed on appeal, expunged by executive order, declared invalid by tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Jones claims that the alleged unconstitutional conduct resulted in his receiving a six-year

---

[1]    Md. Rule 4-242 concerns method of plea offerings in criminal proceedings.

sentence. State court records show that Jones was charged with three counts of drug conspiracy and one count of common nuisance/distribution of CDS in the Circuit Court for Washington County. He was convicted of one count of conspiracy to manufacture/distribute marijuana on or about October 7, 2008. Defendants Semler, Webster, Toston, Strong, Fortson, and Henley were the charging/arresting officers, prosecutor, and defense attorney in that criminal case. *See State v. Jones,* Criminal No. 21K08041230 (Circuit Court for Washington County) (docket copy attached). Jones cannot show that his state conviction has been overturned or otherwise vacated. Therefore, his complaint for declaratory relief and damages is barred under the rule of *Heck*.

To the extent that Jones seeks to attack the validity of his conviction and obtain his release from confinement via injunctive relief, he may file a timely and exhausted 28 U.S.C. § 2254 habeas corpus petition. A separate order follows.

Date: September 24, 2009                      /s/
                                         ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE